IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SEAN SPIDLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 3:13-0443 |
| | ) | JUDGE SHARP/KNOWLES |
| | ) | |
| MATTHEW T. LOUGHNEY, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction and Background

This matter is before the Court upon Defendant's Motion to Dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1). Docket No. 14. In support of his Motion, Defendant has contemporaneously filed a Memorandum of Law, with Exhibits. Docket Nos. 15 - 15-9; 17 - 17-9.

Plaintiff, who is proceeding pro se but not in forma pauperis, late-filed a Response to the instant Motion, also with Exhibits. Docket Nos. 22 - 22-1.

Plaintiff, a former employee of the United States ("U.S.") Bankruptcy Court for the Middle District of Tennessee, filed this action on May 10, 2013. Docket No. 1. Plaintiff sues Defendant Matthew T. Loughney in "his individual capacity for fraudulently creating an adverse action, violating employee handbook termination policy AND violation of federal rules of civil procedure resulting in negligence, willful misconduct / malfeasance and violation of 29 C.F.R.

§ 1614.105(a)(1) (1999)." *Id.*, p. 1. Specifically, Plaintiff sues Defendant asserting:

### Count 1 - Negligence
Defendant (independently) failed to perform the fiduciary obligations assigned to him in his official capacity as Clerk, U.S. Bankruptcy Court, Middle District of Tennessee, to follow proper termination policy and procedure as outlined in the Deputy Clerks' Manual, for the Middle District of Tennessee Bankruptcy Court, Dated April 14, 2010.

### Count 2 - Willful Misconduct / Malfeasance
Defendant falsified the circumstances surrounding the Plaintiff's termination and sought to manage damage-control to himself by maintaining complete oversight in the matter. Defendant further exercises defamation of the Plaintiffs [*sic*] character by exacerbating and falsely accusing the Plaintiff caused a ruckus and is a threat to the court.

### Count 3 - Violation of 29 C.F.R. § 1614.105(a)(1) (1999)
Plaintiff consumed considerable time and monetary resources which may have been avoided if the Defendant allowed the Plaintiff to seek out EEO Counsel as prescribed by 29 C.F.R. § 1614.105(a)(1) (1999) rules of civil procedure . . .

### Count 4 - Violation of 42 USC § 1985 - Conspiracy to Interfere with Civil Rights
Defendant conspires with the Chief Judge and the Six [*sic*] Circuit Court of Appeals Judges to protect against the realization of Plaintiffs [*sic*] evidence. Further, the Defendant proceeds to fabricate scenarios of inappropriate behavior by the Plaintiff which the Plaintiff denies, so that the Defendant may give the impression he has relevant cause and purpose to deny the Plaintiff his civil rights.

*Id.*, p. 4-5.

Plaintiff alleges:

    1: Plaintiff was an employee of the U.S. Bankruptcy Court, Middle District of Tennessee.
    2: Defendant is the Clerk of the U.S. Bankruptcy Court, Middle District of Tennessee.
    3: After Plaintiff reveals an assigned project by the Defendant,

|   |   |
|---|---|
|   | the Defendant becomes angry. |
| 4: | Defendant acknowledges the work is what he assigned but asks for the Plaintiffs' [*sic*] resignation. |
| 5: | Plaintiff confused by the Defendants [*sic*] action states to the Defendant his demeanor and behavior are making the Plaintiff feel awkward. |
| 6: | Defendant abruptly fires the Plaintiff by telling him to "Go pack your bags!" |
| 7: | Plaintiff leaves quietly and apologizes to the only witness, the Chief Deputy Clerk. |
| 8: | Plaintiff receives no severance or benefit from an agency where he was employed for nearly 13 years of service and suddenly and without warning finds himself unemployed. Plaintiff files for unemployment compensation which is delayed for months because the Defendant fails to respond to the State of Tennessee Unemployment Office. |
| 9. | In the days following the Plaintiff's abrupt firing, it is revealed to the Plaintiff several older, over the age of 40, court employees have been told to leave or be terminated. Unlike the Plaintiff, all other employees which are to be terminated are given other opportunities to find employment elsewhere or take early retirement. |
| 10. | Plaintiff seeks EEO counsel as prescribed by law because Plaintiff believes he is being discriminated against by the younger and newly hired Clerk (Defendant). |
| 11. | Plaintiff receives an adverse action that is grossly and fallaciously penned by the Defendant. |
| 12. | The EEO counselor assigned to the case, withdraws due to impropriety by the Defendant. |
| 13. | Plaintiff asks for a second EEO Counselor as prescribed by law and the employee manual and the Plaintiffs [*sic*] request is ignored by the Chief Judge and Clerk presiding over the matter. (*Note: Though the Chief Judge signed the Order of Summary Dismissal, the Plaintiff's asserts [sic] it is highly unlikely the Chief Judge penned the Order of Summary Dismissal because he was either in France or facing medical concerns during this time AND it is the Plaintiff's belief the Defendant had complete oversight on the Order of Summary Dismissal. Further, the Order of Summary Dismissal states the primary motive of the dismissal is FRCP12(b)(6) "Failure to State a Claim for which Relief can be Granted", even though the Plaintiff made clear his request for EEO Counseling.*) |

> 14. Plaintiff asks for the Chief Deputy Clerk's testimony as the only witness to refute the Defendant's allegations against the Plaintiff and the Plaintiff's request is ignored.
> 15. Plaintiff appeals to the Sixth Circuit Court of Appeals and his request for EEO counseling and the Chief Deputy Clerk's witness testimony is further ignored. Appeal is dismissed by delict use of FRCP 12(b)(6) "Failure to State a Claim for which Relief can be Granted".
>
>     . . .
>
> 16. Plaintiff files a complaint with the EEOC stating proper termination procedure and his civil rights are being violated.
> 17. The EEOC Administrative Judge asks for EEO Counseling to be administered to the Plaintiff as prescribed by law and as stated in the employee manual.
> 18. Defendant responds that EEOC has no jurisdiction over the federal judiciary.
> 19. The EEOC gives Defendant time to respond and the Defendant ignores the EEOC.
> 20. The EEOC reaches a DECISION in a letter dated June 27, 2012 that gives Plaintiff the right to file civil action . . .

*Id.*, p. 1-3 (italics original).

Plaintiff seeks "indemnity by compensatory and punitive damages in the amount of $1,500,000 or the maximum amount permissible by law, together with prior attorney fees and court costs." *Id.*, p. 5. Plaintiff also asks that "an investigation ensue into gross misconduct and malfeasance between the Defendant and Judges named in the COMPLAINT." *Id.* (capitalization original).

The EEOC hearing decision issued on June 27, 2012 to which Plaintiff refers states as follows:

### BACKGROUND

> At the time of events giving rise to this complaint, [Plaintiff] had been terminated from his position with the U.S. Bankruptcy Court, Middle District of Tennessee.

4

Believing his termination was the result of discrimination because of his age, [Plaintiff] requested a hearing before an EEOC Administrative Judge (AJ), which was docketed as EEOC Hearing No. 490-2011-00103X. The Agency filed a motion to dismiss arguing that EEOC has no jurisdiction over excepted service employees of the U.S. Bankruptcy Court and, as such, [Plaintiff] has no standing to utilize the 29 C.F.R. Part 1614 EEO complaint process. [Plaintiff] did not dispute that the EEOC did not have jurisdiction over the matter. On May 5, 2011, the AJ issued an Order granting the Agency's motion to dismiss. [Plaintiff] filed an appeal, which has been docketed as EEOC Appeal No. 0120121789.

Thereafter, [Plaintiff] filed a complaint with the Judicial Council for the Sixth Circuit using the procedures outlined in its Employment Dispute Resolution Plan (EDR) to challenge his alleged discriminatory discharge from employment. On January 6, 2011, the Judicial Council for the Sixth Circuit issued a decision affirming the findings of the presiding judicial officer (PJO). The PJO found that [Plaintiff] failed to establish that age was the motivating factor in the decision to terminate his employment. [Plaintiff] filed another appeal from this decision, which has been docketed as EEOC Appeal No. 0120122014.

We exercise our discretion to consolidate EEOC Appeal Nos. 0120121789 and 0120122014 as they are from the same complainant and concern the same underlying facts. See 29 C.F.R. § 1614.606.

## ANALYSIS AND FINDINGS

With respect to EEOC Appeal No. 0120121789, we affirm the AJ's decision to dismiss [Plaintiff's] EEO complaint brought under 29 C.F.R. Part 1614 process for lack of jurisdiction. The Commission's regulations at 29 C.F.R. § 1614.103(b)(4) specifically state they cover only units of the judicial branch having positions in the *competitive service*. [Plaintiff] did not dispute that there was no jurisdiction over U.S. Bankruptcy Court employees, like himself, who were in the excepted service.

With respect to EEOC Appeal No. 0120122014, there is no right of appeal to the Commission form a decision issued under the Judicial Council for the Sixth Circuit's EDR procedures. The Commission

> has long held that a complainant cannot use the 29 C.F.R. Part
> 1614 federal EEO complaint process to lodge a collateral attack on
> another proceeding. The proper forum for [Plaintiff] to have raised
> his challenges to a decision made under the EDR process is within
> that process.
>
> Accordingly, the AJ's dismissal decision is AFFIRMED, and
> [Plaintiff's] appeal of the Judicial Council for the Sixth Circuit's
> EDR decision is DISMISSED.

Docket No. 1-1 (footnote and internal citation omitted).

Defendant filed the instant Motion and supporting materials arguing that employees of the U.S. Bankruptcy Court for the Middle District of Tennessee are in "excepted service," not "competitive service," such that any claims against judicial officers or employees of the U.S. Bankruptcy Court can be brought only in accordance with the Court's Employment Dispute Resolution Plan ("EDRP"). Docket Nos. 15, 17, *citing* 5 U.S.C. § 2103(a). Defendant contends that, per the EDRP, "any decisions of a Reviewing Panel shall be final and shall not be subject to further review by the Judicial Council." *Id., citing* Ex. 9, p. 4.

Defendant further contends that:

> [T]he EDRP adopted by the Middle District of Tennessee provides
> the exclusive remedy available for any allowable claims Plaintiff
> can pursue against him and sets forth the venue for those claims.
> To the extent that Plaintiff is seeking claims apart from the EDRP,
> the EDRP does not provide Plaintiff any right to file such claims.
> However, to the extent that Plaintiff is seeking a review of the
> claims already exhausted under the EDRP that includes the Judicial
> Council for the Sixth Circuit, those decisions are final and cannot
> be reviewed by this Court.

*Id.*, p. 5, *citing* Ex. 9.

Defendant notes that Plaintiff does not dispute that he is in "excepted service." *Id.*, p. 5. Defendant maintains, therefore, that the Administrative Judge's decision to dismiss Plaintiff's

EEO complaint for lack of jurisdiction was correctly affirmed by the Office of Federal Operations ("OFO") Director, and that the OFO Director properly dismissed any appeal of the Judicial Council for the Sixth Circuit decision, correctly stating that there is no right of appeal to the Commission from a decision issued under the EDRP. *Id.*, p. 5-6, *citing* Docket No. 1., p. 10-13. Accordingly, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's claims, and this action should be dismissed. Docket Nos. 14, 15, 17.

Plaintiff responds that this action is proper because he received a right to sue notice from the EEOC. Docket No. 22, p. 2. Plaintiff also argues that despite his "repeated attempts to ask for an EDR process, Plaintiff was ignored." *Id.*, p. 1. Plaintiff asserts that he "can prove there was no EDR process, he was ignored and on appeal, the Sixth Circuit Court of Appeals judges fail to address the fact that the EDR process never took place." *Id.*, p. 2. Plaintiff also argues, *inter alia*, that: (1) there was an improper friendship between Defendant and the Sixth Circuit Judges; (2) Plaintiff was asked to find his replacement; (3) there was a premeditated plan to remove him from service; (4) Defendant's presiding over Plaintiff's hearing "was nothing more than Defendant[']s attempt at following procedure; (5) Plaintiff had performed his duties well and received praise; (6) in addition to himself, several older employees were told to quit or were fired and were replaced with younger employees, but those employees were given time to find new jobs or take early retirement, while Plaintiff was not; (7) Defendant created a hostile work environment for Plaintiff; and (8) Defendant lied about the details of Plaintiff's firing and reported that he was a threat to the Court. *Id.*, p. 2-5.

For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss be granted.

## II. Law and Analysis

### A. Fed. R. Civ. P. 12(b)(1)

A party seeking to dismiss a claim pursuant to Rule 12(b)(1) may engage in either, (1) a facial attack to the complaint; or (2) a factual attack on the allegations averred in the pleadings. *See, e.g., DLX, Inc. v. Kentucky*, 381 F.3d 511 (6th Cir. 2004); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack challenges the factual allegations contained on the face of the complaint. *See, e.g.,* Al-Owhali *v. Ashcroft*, 279 F. Supp. 2d 13, 20 (D.D.C. 2003); *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134-35 (6th Cir. 1996). In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *see also, Ohio Nat'l Life*, 922 F.2d at 325.

### B. The Case at Bar

In the case at bar, Defendant launches a facial attack on this Court's subject matter jurisdiction. Accordingly, this Court must accept the allegations in Plaintiff's Complaint as true and consider the factual allegations in the light most favorable to the non-moving party. *Warth v. Selden*, 422 U.S. 490, 501 (1975).

The allegations of Plaintiff's Complaint have been set forth above.[1] Taking these allegations as true, Plaintiff was an excepted employee of the U.S. Bankruptcy Court for the

---

[1] Although Plaintiff avers that he sues Defendant for "Count 1 - Negligence"; "Count 2 - Willful Misconduct / Malfeasance"; "Count 3 - Violation of 29 C.F.R. § 1614.105(a)(1) (1999)"; and "Count 4 - Violation of 42 USC § 1985 . . . ", the factual allegations of Plaintiff's Complaint relate solely to the events surrounding his termination, and resulting therefrom. Accordingly, the threshold issue before the undersigned is whether this Court has jurisdiction over the action of an excepted service employee when its employer has an Employment Dispute Resolution Plan in place that provides the exclusive remedy for allowable claims under the Plan.

Middle District of Tennessee, which had adopted the Employment Dispute Resolution Plan ("EDRP") at issue. The EDRP specifies the proper venue and procedure for filing claims, provides the exclusive remedy for allowable claims, and does not grant this Court jurisdiction to review final decisions rendered pursuant to the Plan.

Although Plaintiff avers that he tried to follow the procedure for filing claims under the EDRP but was unsuccessful due to Defendant's actions, the procedural history of Plaintiff's claims as set forth in the EEOC decision, recounted above, demonstrates that Plaintiff was able to utilize the EDRP. Plaintiff's alleged inability to obtain the redress he seeks through the EDRP does not confer jurisdiction upon this Court. Absent jurisdiction, Plaintiff's claims must be dismissed.

### III. Conclusion

For the reasons discussed above, the undersigned recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied,* 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge