UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SEAN D. SPIDLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:12-0983 |
| | ) Judge Sharp |
| THOMAS F. HOGAN, Judge, Director of the Administrative Offices of the United States Courts, | ) |
| Defendant. | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SEAN D. SPIDLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:13-0443 |
| | ) Judge Sharp |
| MATTHEW T. LOUGHNEY, | ) |
| Defendant. | ) |

## MEMORANDUM OF DECISION AND ORDER

These two cases arise from Plaintiff Sean D. Spidle's termination from employment with the United States Bankruptcy Court for the Middle District of Tennessee, and his belief that the termination was the result of age discrimination. In both, Magistrate Judge Knowles has entered Reports and Recommendations, recommending that Defendants' Motions to Dismiss be granted because Plaintiff's sole remedy for his employment dispute was pursuant to the Bankruptcy Court's Employment Dispute Resolution Plan ("EDRP"). This Court agrees and will overrule Plaintiff's Objections to the recommended dispositions.

1

## A. *SPIDLE V. HOGAN* – CASE NO. 3:12-0983

In this case, Plaintiff sues Judge Thomas F. Hogan, then-Director of the Administrative Offices of the United States Courts, with the Complaint recounting alleged events which led to Plaintiff's discharge. Thereafter, the Complaint was amended "to make clear" that "[t]his suit is NOT about age discrimination" but rather "is about unethical employment practices, denial of EEOC rights as provided by law and retaliatory behavior and contrived discharge tactics by the Clerk, the former Chief Judge, and at least two Judges at the Appellate level[.]" (Docket No. 15 at 1-2). This theme carries over into Plaintiff's objections.

Plaintiff claims that he had a "reasonable expectancy to EEO counseling" and that he requested counseling, but that "due to the behavior of the Clerk, Matthew Loughney, the counselor withdrew <u>before</u> counseling commenced." (Docket No. 27 at 2). He also argues that the Sixth Circuit Judicial Council (which affirmed Bankruptcy Judge Paine's determination that age was not the reason for Plaintiff's termination) "intentionally ignored the Plaintiff's complaint that EEO counseling as prescribed by law was not afforded to him." (<u>Id</u>. at 2).

It is true that the EDRP contains provisions that call for counseling. But it also provides that the presiding judicial officer may dismiss a claim at any point for any of a number of reasons, including that the complaint fails to state a claim upon which relief may be granted. In any event, the mere failure to follow an employment policy is not itself discriminatory because the law does not protect employees from arbitrary employee practices, only discriminatory ones. <u>Turner v. Baylor Richardson Medical Ctr.</u>, 476 F.3d 337, 346 (5th Cir. 2007); <u>Guimararaes v. SuperValu, Inc.</u>, 674 F.3d 962, 976 (8th Cir. 2012). Moreover, an alleged failure to follow a policy does not speak to the issue of whether this Court has jurisdiction.

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). As a result, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id.

Plaintiff has not established that this Court has jurisdiction. He relies upon a "final decision" of the Equal Employment Opportunity Commission ("EEOC"), which concluded by stating "[y]ou have the right to file a civil action in an appropriate United States District Court within (90) calendar days from the date that you receive this decision." (Docket No. 27 at 4). However, a decision from the EEOC which contains the standard language utilized by that agency when dismissing a case does not amount to a constitutional or statutory grant of authority for this Court to hear a case. Moreover, the EEOC's decision containing that language reviewed two decisions of an Administrate Law Judge which underscores why this Court lacks jurisdiction. First, the EEOC recognized that its regulations specifically state that the EEOC has jurisdiction over "[a]ll units of the judicial branch of the Federal government having positions in the competitive service," 29 C.F.R. § 1614.103(b)(3), and Plaintiff was not in the competitive service. Rather, Plaintiff was in the excepted service within the meaning of 5 U.S.C. § 2103(a), and he does not claim otherwise. Thus, the fact that EEOC regulations call for pre-complaint counseling for those in the competitive service, 29 C.F.R. § 1614.05, is simply irrelevant. Second, the EEOC determined that it had no authority to review a decision of the Sixth Circuit Judicial Council regarding EDRP proceedings, and neither does this Court.

Plaintiff also invokes 42 U.S.C. § 1985 which, so far as relevant, prohibits two or more persons from conspiring to deprive "any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws[.]" Id. § 1985(c). An essential element

3

of such a claim, however, is that "'the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.'" Moniz v. Cox, 512 F. App'x 495. 499 (6th Cir. 2013) (quoting Bass v. Robinson, 167 F.3d 1041, 1050 (6th Cir. 1999)). Even accepting that this case "is not about age" as Plaintiff claims, his complaint also is not about class-based treatment; it is rather about how he was allegedly treated by the Clerk and during the EDRP process. In any event, relief under Section 1985 is unavailable because Plaintiff's complaint is about members of the federal judiciary in the same chain-of-command but, under the intra-corporate conspiracy doctrine, a corporate or governmental agency cannot be deemed to conspire with its corporate or governmental employer. See Upton v. City of Royal Oak, 492 F. App'x 492, 505-06 (6th Cir. 2012); Hull v. Cuyahoga Valley Joint Vocational Sch. Dist., 926 F.2d 505, 509-10 (6th Cir. 1991).

### B. *SPIDLE V. LOUGHNEY* – CASE NO. 3:13-0443

In this case, Plaintiff sues Defendant Matthew T. Loughney, the Clerk of the Bankruptcy Court, for allegedly conspiring with former Chief Bankruptcy Judge George C. Paine, Sixth Circuit Judges R. Guy Cole and John M. Rogers, and District Judge Jennifer Coffman to deprive him of his civil rights in relation to his termination and the EDRP process. He raises the same objections to Magistrate Judge Knowles's recommended dismissal as he does in the other case and, for the reasons already stated, the objections will be overruled.

In both cases, Plaintiff also raises additional arguments in his replies to Defendants' responses to his objections. Raised as they are in reply briefs, the Court is not obligated to consider them. See United States v. Smith, 525 F. App'x 294, 296 (6th Cir. 2013); Brooks v. Wells Fargo, N.A., 2013 WL 193552, at *2 (M.D. Tenn. May 9, 2013). However, because these arguments go to this Court's jurisdiction to hear the case, the Court has considered the same and notes the

4

following.

Plaintiff argues this "court has subject matter jurisdiction pursuant to 42 U.S.C. § 1983." (Docket No. 34 at 3). It does not. Section 1983 concern is with state action and speaks about "[e]very person who under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia." 42. U.S.C. § 1983. "The federal government and its officials are not subject to suit under 42 U.S.C. § 1983." Conner v. Greef, 99 F. App'x 577, 580 (6th Cir. 2004); see also Ana Leon T. v. Fed. Reserve Bank, 823 F.2d 928, 931 (6th Cir. 1987) (stating that one element of a Section 1983 claim is that "the conduct complained of must be committed under color of state law").

Plaintiff also quotes the entirety of 28 U.S.C. § 1343. Several of the provisions in that statute are merely the jurisdictional counterparts for claims based on Sections 1983 and 1985. See Chase Bank USA, N.A. v. City of Cleveland, 695 F.3d 548, 552 (6th Cir. 2012). Section 1343(3) does provide jurisdiction over constitutional violations and Plaintiff invokes the due process clause of the Fourteenth Amendment. However, the Fourteenth Amendment is inapplicable to claims against federal entities and employees and so Plaintiff presumably is seeking to pursue a Bivens[1] action based upon the alleged violation of his Fifth Amendment right to due process.

"To allege a viable procedural due process claim, the plaintiff first must identify the applicable life, liberty, or property interest protected by the Due Process Clause," and "[i]n the specific context of a claim for unconstitutional termination of the plaintiff's employment, the plaintiff must show 'that he had a protected property interest in his continued employment entitling him to due process protection.'" Springs v. U.S. Dept. of Treasury, 2014 WL 2566102, at *8 (6th Cir.

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

June 9, 2014) (quoting Blazy v. Jefferson Cnty. Reg'l Planning Comm'n, 438 F. App'x 408, 411–12 (6th Cir. 2011)). Even assuming that Plaintiff had a Fifth Amendment due process right as an employee in excepted service, he received all the process that was due by having his case heard by the Chief Bankruptcy Judge and reviewed by three judges on the Sixth Circuit Judicial Council. See, Semper v. United States, 694 F.3d 90, 95-6 (Fed. Cir. 2012) (joining other circuits in holding that "Congress's withholding of CSRA [Civil Service Reform Act] review rights was not inadvertent, and that Congress did not intend for Judicial Branch employees who were not entitled to review under the CSRA to have alternative routes to judicial review for adverse agency actions such as termination"); Dotson v. Griesa, 398 F.3d 156, 175-80 (2nd Cir. 2005) (stating that the "Model [EDR] Plan endorsed by the Judicial Conference and subsequently adopted by each federal court is expansive," and that "federal judicial branch employees . . . are precluded from pursuing Bivens damages actions for adverse employment decisions" or seeking equitable relief such as reinstatement "precisely because the judiciary's administrative review process itself affords an employee one or more levels of judicial review"); Semper v. Gomez, 2013 WL 2451711, at *6 (D.V.I. June 4, 2013) ("The lack of remedy for plaintiff, a former judicial branch employee under Bivens or under any statute must be understood in context. The judiciary has developed its own mechanisms to deal with employment issues in the absence of these other remedies.").

### C. CONCLUSION AND ORDER

Based upon the foregoing, the Court rules as follows:

(1) In Spidle v. Hogan, Case No. 3:12-0983, the Report and Recommendation (Docket No. 37) is hereby ACCEPTED and APPROVED; Defendant's Objections (Docket Nos. 39 & 42) are OVERRULED; and Defendant's Motion to Dismiss (Docket No. 33) is hereby GRANTED;

(2) In Spidle v. Loughney, Case No. 13-0443, the Report and Recommendation (Docket No. 25) is hereby ACCEPTED and APPROVED; Defendant's Objections (Docket Nos. 27 & 34) are OVERRULED; and Defendant's Motion to Dismiss (Docket No. 14) is hereby GRANTED; and

(3) Both of the above-captioned cases are hereby DISMISSED WITH PREJUDICE. The Clerk of the Court shall enter a final judgment in both cases in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE